UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEMOND MIMMS, | ) | 1:09-cv-01697-AWI-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b) |
| v. | ) | |
| | ) | |
| DARRYL ADAMS, | ) | ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the petition filed on September 28, 2009, Petitioner challenges his June 16, 2006 conviction in Kings County Superior Court for battery upon a non-confined person while in state prison ("gassing"). Petitioner was sentenced to a prison term of two years. (Doc. 1, p. 1).

A review of the Court's dockets and files, as well as Petitioner's own allegations, show Petitioner has previously sought habeas relief with respect to this conviction.[1] In case number 1:06-cv-0923-VRW, a petition challenging the same conviction was denied on the merits and judgement

---

[1] The Court takes judicial notice of the docket in case no. 1:02-cv-05251-REC-BAK HC. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal.1978), aff'd, 645 F.2d 699, (9th Cir.) (Judicial notice may be taken of court records).

entered on May 6, 2009.  The Court's records indicate that, on July 1, 2009, the United States Court of Appeals for the Ninth Circuit dismissed Petitioner's appeal of that denial "[b]ecause the appeal is so insubstantial as to not warrant further review."

**DISCUSSION**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997).  The Court has reviewed the petition in this case and the petition in case no. 1:06-cv-0923-VRW, and has concluded that they challenge the same conviction and raise the same issues.  Thus, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b)(1).

Petitioner has made no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking his 2006 Kings County conviction, and, indeed, such a showing seems unlikely given the Ninth Circuit's summary dismissal of Petitioner's appeal as "insubstantial." That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and should dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he should first be required to file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus (Doc. 1), be DISMISSED as a second or successive petition.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 10, 2010**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE